UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 13-69-02 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| HALSTON SMITH | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed by the Petitioner Halston Smith ("Smith"). Record Documents 198 & 199. In his initial § 2255 motion and memorandum, as well as in various supplements filed since, Smith argues that his firearms convictions under 18 U.S.C. § 924(c), predicated on Hobbs Act convictions, should be vacated in light of recent changes in the law as set forth in United States v. Johnson, United States v. Davis, and United States v. Taylor.[1] Record Documents 198, 199, 236, 257, 271, 278, & 280. Initially, when Smith's requested relief was premised on Johnson, the Government opposed the motion. See Record Documents 213 & 218. However, the Government has remained silent in light of the changes occasioned by Davis and Taylor, the latter of which is directly applicable to Smith's case. For the reasons set forth below, the Court grants in part and denies in part Smith's § 2255 motion. The Court finds that Smith's convictions on Counts 17 and 21 must be vacated and thus grants his motion to that extent. The motion is denied in all other respects, and the remainder of Smith's convictions and sentence are undisturbed.

---

[1] United States v. Johnson, 135 S. Ct. 2551 (2016); United States v. Davis, 139 S. Ct. 2319 (2019); and United States v. Taylor, 142 S. Ct. 2015 (2022).

1

I.   Background

The Fifth Circuit accurately summarized the facts of this case:

> Between June and November 2012, defendants Robinson and Smith participated in numerous armed robberies and attempted armed robberies of convenience stores, restaurants, and bars, mostly in the Shreveport area. The crimes were violent. In addition to the entities robbed, the victims were usually the employees of the establishments. They were held at gunpoint while they opened cash registers and safes. More than one was threatened with being killed. One young woman was told she was going to be shot "if you don't open the register" while the robber held a gun to her head and counted down from five. In one of the robberies, a father, mother, and their two children were ordered to "get on the ground" while a shotgun was pointed at them.
>
> As part of the investigation into the robberies, a search warrant was obtained by the Shreveport Police Department. The warrant authorized the installation of a global positioning system ("GPS") device on Smith's Dodge pickup truck, which was suspected to be involved in the robberies. The defendants were apprehended on November 14, 2012, immediately following the robbery of an Outback Steakhouse. The GPS was instrumental in the apprehension. In the early morning of November 15, while both were under arrest, Robinson and Smith spoke to law enforcement officials. The interviews were recorded. Robinson confessed to participating and wielding a firearm in fifteen robberies; Smith confessed to participating in seven. . . .
>
> In February 2013, Robinson and Smith were named in a 27-count indictment charging conspiracy, robbery, and weapons offenses. . . .
>
> Robinson and Smith proceeded to trial in January 2014. At the close of the government's case the defendants moved for acquittal, which the district court denied. Neither defendant put on a case. Robinson was found guilty on all counts, and Smith was found guilty on all counts but two.

United States v. Smith, 609 F. App'x 180, 182-83 (5th Cir. 2015).

Smith was sentenced to 75 months, concurrently, on Counts 1 (conspiracy to commit Hobbs Act robbery), 6 (Hobbs Act robbery), 8 (Hobbs Act robbery), 12 (Hobbs Act robbery), 16 (attempted Hobbs Act robbery), 20 (attempted Hobbs Act robbery), and 26 (Hobbs Act robbery).  He was sentenced to 7 years for Count 7 (use of a firearm during

2

and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)), with said term to run consecutive to any other sentence imposed in the case.  Finally, Smith was sentenced to 25 years as to each of Counts 9, 13, 17, 21, and 27; these counts reflected additional § 924(c) convictions, with each count premised on the Hobbs Act conviction outlined in the immediately preceding count in the indictment.  As mandated by statute, the sentences on these counts were also ordered to run consecutive to each other and to any other sentence imposed in this case.[2]  In all, the Court sentenced Smith to 1,659 months' imprisonment.  The stacking of Smith's § 924(c) violations, which was required by § 924(c) itself, was premised on Smith's brandishing of a firearm during each Hobbs Act robbery and attempted robbery count for which he was convicted, as these acts were deemed crimes of violence under § 924(c).  Thus, the Hobbs Act robbery and attempted robbery convictions did not comprise the bulk of the sentence Smith received; instead, it was the stacked sentences on the § 924(c) convictions that resulted in his lengthy sentence.

On appeal, the Fifth Circuit affirmed Smith's conviction and sentence, Smith, 609 F. App'x at 190, and on October 5, 2015, the United States Supreme Court denied certiorari, Smith v. United States, 577 U.S. 852 (2015).

II.     Relevant Statutes

As set forth above, Smith was charged with and convicted of Hobbs Act conspiracy, Hobbs Act robbery, and attempted Hobbs Act robbery, all in violation of 18 U.S.C. § 1951,

---

[2] The consecutive nature of each additional § 924(c) violation is referred to as "stacking."

and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The Court will explore both of these statutes in a bit more detail.

    A.    18 U.S.C. § 924(c)

Section 924(c) provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be subject to a mandatory term of imprisonment. 18 U.S.C. § 924(c)(1)(A). If a firearm is brandished, the statute requires a sentence of seven years. Id. at § 924(c)(1)(A)(ii). At the time of Smith's prosecution and sentencing, the statute further provided that "[i]n the case of a second or subsequent conviction under this subsection," each count of conviction must receive a sentence of twenty-five years. Id. at § 924(c)(1)(C)(i) (2012). Section 924(c)(3) defined the term "crime of violence" as "an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. at § 924(c)(3).

    B.    18 U.S.C. § 1951

Smith's underlying crimes of violence were the Hobbs Act robberies and attempted Hobbs Act robberies. Section 1951 makes it a crime if anyone

> obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section . . . .

4

18 U.S.C. § 1951(a). The statute further defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

Id. at § 1951(b)(1).

III.   Relevant Jurisprudential Changes

Three significant Supreme Court decisions have been rendered since Smith's convictions. The Court will explore these jurisprudential changes, as they form the basis for Smith's requested relief.

    A.   Johnson v. United States

In Johnson v. United States, the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. Johnson, 135 S. Ct. 2551 (2016). The ACCA imposes harsher statutory penalties for a defendant who is convicted of 18 U.S.C. § 922(g) and has three prior convictions for violent felonies or serious drug crimes. The ACCA defines a violent felony as a crime punishable by imprisonment for one year that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . ." 18 U.S.C. § 924(e)(2)(B) (2015) (emphasis added). The italicized text has been dubbed the residual clause. In Johnson, the Supreme Court held that this residual clause was unconstitutionally vague. Johnson, 135 S. Ct. at 2556. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court

5

announced that Johnson established a new substantive rule that applied retroactively to cases on collateral review. The Court notes that Smith was not sentenced under the ACCA's residual clause, so Johnson is not applicable to him.

    B.    United States v. Davis

In United States v. Davis, 139 S. Ct. 2319 (2019), the defendants challenged their convictions under 18 U.S.C. § 924(c), one of which was predicated on conspiracy to commit Hobbs Act robbery. Through that case, a nearly identically worded residual clause in § 924(c)(3)(B) was challenged and held unconstitutionally vague; the residual clause provided that crimes of violence were ones "that by [their] nature, involv[e] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Davis, 139 S. Ct. at 2323–24. However, the elements clause of § 924(c)(3)(A), which defines a crime of violence as a felony that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, was not impacted by the Davis decision. That provision remains good law, which means that going forward, a crime of violence under § 924(c) must satisfy the elements clause of § 924(c)(3)(A). In United States v. Reece, the Fifth Circuit declared that Davis is retroactively applicable on collateral review. Reece, 938 F.3d 630, 635 (5th Cir. 2019) ("Davis announced a new rule of constitutional law retroactively applicable on a first habeas petition."). The Court notes that Davis is also unavailing to Smith because, again, Smith's sentences were not based on the residual clause. Hobbs Act robbery constitutes a crime of violence under the elements clause of § 924(c)(3)(A).

    C.    <u>United States v. Taylor</u>

The final case of import is <u>United States v. Taylor</u>, 142 S. Ct. 2015 (2022). In <u>Taylor</u>, the Supreme Court examined whether, in the wake of <u>Davis</u>, attempted Hobbs Act robbery constitutes a crime of violence under the elements clause of § 924(c)(3)(A). The answer is no: attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of § 924(c) because it does not have as an element the use, attempted use, or threatened use of force. <u>Taylor</u>, 142 S. Ct. at 2021. As Smith was convicted and sentenced on two attempted Hobbs Act robbery counts, <u>Taylor</u> represents the most meaningful change in the law as it pertains to his petition.

IV.    <u>Section 2255</u>

    A.    Standard of Review

Under 28 U.S.C. § 2255, four limited grounds allow a prisoner to move to vacate, set aside, or correct a sentence imposed by a federal court: (1) the sentence "was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." <u>United States v. Scruggs</u>, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" <u>United States v. Cooper</u>, 548 F. App'x 114, 115 (5th Cir. 2013) (internal quotations and citations omitted) (quoting <u>Bousley v. United States</u>, 118 S. Ct. 1604, 1610 (1998)). Rather, after a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally

convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (internal marks omitted) (quoting United States v. Frady, 102 S. Ct. 1584, 1592 (1982)).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Young, 77 F. App'x 708, 709 (5th Cir. 2003) (citing United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)). Thus, even if the issues are constitutional or jurisdictional in nature, a defendant may be procedurally barred from raising them in a collateral attack because collateral review is fundamentally different from and cannot serve as a substitute for a direct appeal. If the constitutional or jurisdictional claims were not raised on direct appeal, the defendant's claims can only be considered on collateral review if he can show both "cause" for his procedural default and "actual prejudice" resulting from the alleged error. Shaid, 937 F.2d at 232. In the absence of a showing of cause and prejudice, a procedurally defaulted claim can be considered by the court if the defendant can establish actual innocence, which means that it is more likely than not that no reasonable juror would have convicted the defendant of the offense. Bousley v. United States, 118 S. Ct. 1604, 1611 (1998).

B.   Procedural Default

The majority of Smith's § 2255 pleadings challenge the issue of whether Hobbs Act violations constitute crimes of violence under § 924(c). Smith did not raise this issue at trial or on direct appeal. This issue, therefore, has been raised for the first time in the instant collateral attack on the convictions. As such, Smith may be procedurally barred

from raising the issue now unless he can show both cause and prejudice, or show that he is actually innocent. See Frady, 102 S. Ct. at 1594 (imposing the "cause and actual prejudice" standard on motions for collateral relief when no objection was made on direct appeal). However, the Government never raised the issue of procedural default in its response to Smith's pleadings. Procedural default is an affirmative defense that if not raised, is waived. See Trest v. Cain, 522 U.S. 87, 89 (1997); see also Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998). In this case, the Government did not raise the procedural bar as a defense to Smith's § 2255, and the Court declines to take the matter up sua sponte. Thus, the Court does not find that Smith's claims are procedurally barred.

    C.    Timeliness

In addition to the limited scope of a § 2255 habeas petition, these motions are also subject to a one-year statute of limitations period. 28 U.S.C. § 2255. The one-year period begins running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2255(f). In the instant case, Smith filed an initial § 2255, along with five supplements in the years since. The Court will outline each § 2255 pleading to explore the timeliness

thereof. By doing so, the Court can ascertain which claims are ripe for review on the merits.

      1.     Initial § 2255 Motion.

The Supreme Court denied Smith certiorari on October 5, 2015. Less than one year later, on June 10, 2016, Smith filed his initial § 2255 motion and memorandum in support. Record Documents 198 & 199. In those initial filings, Smith challenged whether, under the Supreme Court's decision in United States v. Johnson, his Hobbs Act robbery convictions constituted crimes of violence under § 924(c). The Government has conceded this filing was timely under § 2255(f)(1).

      2.     First Supplemental Brief.

On November 12, 2019, Smith filed a supplemental brief based on the Supreme Court's decision in United States v. Davis. This supplement was filed with permission from Magistrate Judge Hornsby. See Record Document 234. In this supplement, based on the reasoning of the Davis opinion, Smith argued that his Hobbs Act robbery convictions could not serve as predicate crimes of violence for his § 924(c) convictions. The Davis opinion, recognized as retroactively applicable by Reece, was issued on June 24, 2019. Smith's supplement, filed in November of 2019, is timely under § 2255(f)(3).

      3.     Second Supplemental Brief.

On July 19, 2022, Smith filed a motion for leave to file a supplemental brief. Record Document 257.[3] In that filing, Smith challenged whether, under the Supreme Court's 2022 decision in United States v. Taylor, his Hobbs Act convictions could constitute crimes

---

[3] The motion for leave to supplement [Record Document 257] is granted.

10

of violence under § 924(c). The Supreme Court decided Taylor on June 21, 2022, and this supplement was filed just a few months later. The supplement is timely under § 2255(f)(3) if Taylor is retroactive to cases on collateral review.

    4.  Third Supplemental Brief.

On October 3, 2022, Smith filed another supplemental brief, though this time he did not seek leave of Court. Record Document 271. In this filing, Smith again argued that his convictions should be vacated under Taylor. The Court finds that this supplement was timely-filed under § 2255(f)(3) if Taylor is retroactive.

    5.  Fourth Supplemental Brief.

On April 3, 2023, Smith filed a request to supplement his § 2255. Record Document 278. In that filing, Smith purported to rely on Taylor, however, his arguments alleged that the jury instructions at trial were erroneous. That is, he contended that the Court's jury instructions "conflated" the applicable instructions for attempted Hobbs Act robbery and Hobbs Act robbery such that the jury could not "distinguish between the two standards of proof." Id. He further argued that the "verdict form failed to clear up this ambiguity, and the jurors were not polled as to which standard was applied to their verdict." Id. For the reasons explained more fully below, the Court finds that this claim is not timely under § 2255(f).

    6.  Fifth Supplemental Brief.

On June 9, 2023, Smith filed another request to supplement his § 2255 motion. In this filing, Smith once again purported to rely upon Taylor, but the thrust of his argument was that the jury instructions were erroneous. However, unlike his prior argument

11

regarding allegedly erroneous jury instructions, the contention in the fifth supplemental brief was that the Court instructed the jury on Hobbs Act extortion, rather than Hobbs Act robbery. For the reasons explained more fully below, the Court also finds that this claim is untimely under § 2255(f).

       7.     Law and Analysis on Timeliness.

As set forth above, § 2255 claims are generally subject to a one-year limitations period. 28 U.S.C. § 2255(f). However, as explained in the exceptions noted herein, a motion is still deemed timely if it is filed within one year of the date on which the right asserted was initially recognized by the Supreme Court if that right was made retroactively applicable to cases on collateral review. Johnson and Davis were made retroactively applicable to cases on collateral review through Welch and Reece, respectively. Accordingly, under § 2255(f)(1) and (3), Smith's initial § 2255 and his first supplement are timely.[4] Smith's second and third supplements, which are premised on Taylor, are timely if Taylor is retroactively applicable. The fourth and fifth supplements require further analysis.

A § 2255 is deemed timely filed, i.e., not barred by the statute of limitations, if it is filed within one year of the date on which a right has been newly recognized by the Supreme Court if that right has been made retroactively applicable to cases on collateral review. To analyze retroactive applicability, the first question is whether the case

---

[4] While Johnson and Davis are retroactively applicable on collateral review, the Taylor opinion is the sole decision that has changed the legal calculus in Smith's favor. To be sure, no further relief would be available to Smith on the basis of Johnson and Davis. Any habeas relief to which Smith is entitled stems from Taylor.

announced a new rule of constitutional law. As the Fifth Circuit explained in Reece, "'[a] case announces a new rule . . . when it breaks new ground or imposes a new obligation on the government'—in other words, 'if the result was not dictated by precedent existing at the time the defendant's conviction became final.'" Reece, 938 F.3d at 633-34 (quoting In re Williams, 806 F.3d 322, 324 (5th Cir. 2015)). Unless it would have been "apparent to all reasonable jurists," the result is not considered as one that was dictated by existing precedent. Id. at 634 (quoting Chaidez v. United States, 568 U.S. 342, 347 (2013)). Applying an existing rule to a different set of facts does not create a new rule, whereas a new rule is created when an existing rule is extended to a new legal setting that has not been mandated by precedent. Id.

Applying these precepts to Taylor, the Court concludes that Taylor announced a new rule of constitutional law. First, the rule established in Davis, which invalidated § 924(c)'s residual clause, was extended to a new setting. Prior to Davis, punishment for attempted Hobbs Act robbery could be captured by § 924(c)'s residual clause. Following Davis, however, all § 924(c) crimes of violence, including Hobbs Act violations, must satisfy § 924(c)'s elements clause, as the residual clause is no longer available. The result Davis compelled in Taylor is that attempted Hobbs Act robbery is not a crime of violence because it fails to satisfy the elements clause of § 924(c). Second, Taylor announced a rule that was "not dictated by precedent existing at the time the defendant's conviction became final." Chaidez, 568 U.S. at 347. Indeed, prior to Davis, courts around the country frequently classified and punished attempted Hobbs Act robbery as a crime of violence for § 924(c) purposes.

Smith was convicted before <u>Taylor</u> was issued, so <u>Taylor</u> must also be retroactive for Smith to benefit from the case. Thus, the next question is whether the <u>Taylor</u> decision is retroactive to cases on collateral review. Generally, subject to two exceptions, new rules of constitutional law are not retroactive. <u>Reece</u>, 938 F.3d at 634. The two types of rules that typically apply retroactively are: (1) new substantive rules and (2) new watershed rules of criminal procedure. <u>Id.</u> As the Supreme Court has explained, a rule is substantive, as opposed to procedural, "if it alters the range of conduct or the class of persons that the law punishes." <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519, 2523 (2004). On the other hand, "rules that regulate only the manner of determining the defendant's culpability are procedural." <u>Id.</u> (emphasis omitted). <u>Taylor</u> meets the standard for a new substantive rule, as it altered the range of conduct punishable as a crime of violence under § 924(c). In other words, <u>Taylor</u> narrowed the permissible scope of conduct for which defendants convicted of attempted Hobbs Act robbery could be punished, such that punishment under § 924(c)'s crime of violence prong is no longer available.[5]

Therefore, the Court finds that <u>Taylor</u> is retroactively applicable to Smith's case because (1) it announced a new rule that was not dictated by precedent existing at the time of Smith's conviction and (2) is substantive, in that it altered the range of conduct that the law punishes. This holding is consistent with the conclusions reached by other district courts. See <u>United States v. Henry</u>, 2023 WL 4931847, *2 (E.D. La. Aug. 2, 2023); <u>Dowdle v. United States</u>, 2022 WL 3051234, *2 (W.D.N.C. Aug. 2, 2022); <u>United States v.</u>

---

[5] Similarly, <u>Johnson</u> and <u>Davis</u> were held to be retroactive because both "changed the substantive reach" of the respective statute, "altering the range of conduct or the class of persons" that could be punished. <u>Reece</u>, 938 F.3d at 635.

Craig, 2022 WL 14103717, *2 n.4 (N.D. Fla. Sept. 26, 2022); Crowder v. United States, 2023 WL 5097803, *3 (S.D.N.Y. Aug. 9, 2023); Wallace v. United States, 43 F.4th 595, 601 (6th Cir. 2022); Evans v. United States, 2023 WL 2709745, *4-5 (E.D. Wis. Mar. 30, 2023); United States v. Berrios, 2023 WL 4745951, *16 (D.V.I. July 25, 2023); Hirsi v. United States, 2022 WL 2441213, *1 (D. Utah July 5, 2022); see also Rule v. United States, 2023 WL 415084, *8 n.5 (N.D. Ill. Jan. 25, 2023) (assuming without deciding that Taylor is retroactive). And, in district court cases within the Fifth Circuit, the Government has directly represented that Taylor is retroactive. See e.g. Ruiz v. United States, 2023 WL 1797891, *2 (W.D. Tex. Feb. 6, 2023); Dodd v. United States, 2023 WL 3108576, *1, n.1 (E.D. Tex. April 5, 2023).

Having now concluded that Taylor is retroactive, the Court returns to the assessment of whether Smith's supplements are timely. The Court concludes that Smith's second and third supplements are timely because they are premised on Taylor, which is retroactively applicable on collateral review. Turning to the final two supplements, the fourth and fifth, the Court finds these do not fare as well, as they are time-barred.

A new claim that is untimely filed can avoid being declared time-barred if the court finds that it "relates back" to a timely-filed claim by arising "out of the conduct . . . set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); United States v. Saenz, 282 F.3d 354, 356 (5th Cir. 2002) (explaining that the amendment or supplement of a habeas petition is subject to Federal Rule of Civil Procedure 15). To determine whether a claim relates back to the initial filing, the court must "look for commonalities between the facts underlying the different claims." United States v. Alaniz,

15

5 F.4th 632, 636 (5th Cir. 2021) (citing Mayle v. Felix, 545 U.S. 644, 664 (2005)). If claims are based upon the "same or similar allegations" as those set forth in the initial pleading, then they are deemed to relate back. Id. However, if the new claim "require[s] factual support that 'differ[s] in both time and type' from that required by the timely claim, the new claims do not relate back, such that they are subject to the relevant limitations period on the date asserted." Id. (quoting Mayle, 545 U.S. at 650). When a proposed untimely amendment to a § 2255 raises a new claim that does not relate back to the original motion, it is time-barred. See United States v. Gonzalez, 592 F.3d 675, 680 (5th Cir. 2009) (instructing that an amendment does not relate back if it "assert[s] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth") (quotation omitted); see United States v. Cardenas, 13 F.4th 2021, 385 (5th Cir. 2021) (citing with approval Brannigan v. United States, 249 F.3d 58 (7th Cir. 2001), wherein the Seventh Circuit held that the word "claim" means "a challenge to a particular *step* in the case, such as the introduction of a given piece of evidence, the text of a given jury instruction, or the performance of counsel.").

Although Smith's fourth and fifth supplements were filed within one year of the Taylor decision, the arguments contained within each supplement only superficially invoke Taylor. Instead, Smith has used these supplements to challenge, for the first time, the jury instructions and verdict form from his trial in 2014. Plainly, these claims do not stem from the Taylor decision, nor do they relate back to his timely-filed § 2255 pleadings. That is, these supplements raise wholly new grounds that do not challenge whether Smith's convictions are a crime of violence under § 924(c). Errors at trial, specifically errors in

16

instructing the jury and errors in the jury's verdict form, are "both temporally and factually distinct" from the issue of whether a Hobbs Act violation constitutes a crime of violence. See Alaniz, 5 F.4th at 637. To be sure, Smith's "newly raised claims do not arise out of the same common core of operative facts as his original" crime of violence claim. See id.; see also United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) (rejecting defendant's argument that his untimely amendments "should relate back to the original § 2255 motion because the 'occurrence' for purposes of Rule 15(c) should be the entire trial and sentencing proceeding."). The Court finds the claims raised in the fourth and fifth supplements are time-barred.

V. Merits

Having decided which claims can be considered in this case, the Court will now address the merits of the issue. Smith was convicted of two counts of attempted Hobbs Act robbery, and those convictions were used as the basis for his sentences on two § 924(c) counts. Taylor squarely decided that attempted Hobbs Act robbery is not a crime of violence under the elements clause of § 924(c). Pursuant to Taylor, the attempted Hobbs Act robberies set forth in Counts 16 and 20 cannot serve as the predicate crime of violence for Smith's § 924(c) convictions in Counts 17 and 21. Vacatur of those two convictions, which each carried a consecutive twenty-five year sentence, is required. Smith's § 2255 is granted in this respect as to these two counts only.

Unfortunately, Taylor's benefit to Smith ends there. Smith seeks to vacate not only his § 924(c) convictions predicated on attempted Hobbs Act robbery, but rather all of his § 924(c) convictions, including those based on completed Hobbs Act robbery. However,

17

this argument is unavailing.  In Taylor, the Supreme Court said, "[w]hatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause."  Taylor, 142 S. Ct. at 2020.  Thus, Taylor's import is confined to *attempted* Hobbs Act robbery; Taylor did not hold that *completed* Hobbs Act robbery is not a crime of violence.

Further, Fifth Circuit precedent squarely forecloses Smith's argument, as the appellate court has repeatedly held that Hobbs Act robbery *is* a crime of violence.  The law has not changed in this regard.  To be sure, even in the wake of Taylor, the Fifth Circuit has confirmed that completed Hobbs Act robbery remains a crime of violence.  Indeed, in United States v. Hill, 63 F.4th 335 (5th Cir. 2023), the court explained that "[o]ur precedents establish that Hobbs Act robbery is a crime of violence under the elements clause."  Hill, 63 F.4th at 363.  The Fifth Circuit has also instructed that aiding and abetting Hobbs Act robbery, of which Smith was also convicted, "qualifies as a crime of violence as well."  Id. ("aiding and abetting Hobbs Act robbery is, like Hobbs Act robbery itself, a crime of violence."); United States v. Buck, 847 F.3d 267, 275 (5th Cir. 2017) ("It was not error—plain or otherwise—for the district court to classify a Hobbs Act robbery as a crime of violence."); United States v. Bowens, 907 F.3d 347, 353–54 (5th Cir. 2018) ("binding circuit precedent [, Buck] forecloses Bowens's claim that Hobbs Act robbery is not a [crime of violence] predicate under 18 U.S.C. § 924(c)(3)(A). . . . We have reiterated Buck in at least five cases.").  In sum, Hobbs Act robbery satisfies the elements clause of § 924(c) and thus continues to qualify as a crime of violence.  Accordingly, Smith is not

18

entitled to relief on any of his remaining § 924(c) convictions which are predicated on *completed* Hobbs Act robbery.

VI. Conclusion

For the reasons set forth above, the Court finds that Smith is entitled to relief under Taylor for two § 924(c) convictions which were predicated on attempted Hobbs Act robbery. Because attempted Hobbs Act robbery is no longer deemed a crime of violence, this crime cannot serve as the operative predicate offense for the related § 924(c) conviction. Smith's § 2255 motion [Record Document 198] is **GRANTED** to the extent that the convictions on Counts 17 and 21 are vacated.[6] As each of these two counts received a sentence of twenty-five years, consecutive to any other count, the Court finds that Smith's sentence should be reduced by a total of fifty years. An amended judgment will issue herewith.

Because the sentences on these two counts were not interrelated or interdependent upon the sentence imposed for any other count, but rather were wholly independent, a resentencing is not necessary. Aside from vacating Smith's convictions on Counts 17 and 21, the remainder of his § 2255 is **DENIED**. And, except as specifically held herein, the remainder of Smith's conviction and sentence are undisturbed.

**THUS DONE AND SIGNED** this 30th day of January, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[6] Smith's motion for leave to file a supplemental memorandum [Record Document 257] is granted, while his motion to expedite consideration [Record Document 273] is denied as moot.