# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 13-69-02 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| HALSTON SMITH | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is a motion for reconsideration, filed by the Defendant Halston Smith. Record Document 287. Smith asks the Court to reconsider its prior ruling in which it granted in part and denied in part his motion to vacate under 28 U.S.C. § 2255. Record Document 285. Specifically, Smith seeks reconsideration of the Court's conclusion that his fourth and fifth § 2255 supplements were barred as untimely.

As explained in the Court's prior ruling, § 2255 claims are generally subject to a one-year limitations period. 28 U.S.C. § 2255(f). However, a motion is still deemed timely if it is filed within one year of the date on which the right asserted was initially recognized by the Supreme Court if that right was made retroactively applicable to cases on collateral review. Smith's second and third § 2255 supplements were premised on United States v. Taylor, 142 S. Ct. 2015 (2022), a case which this Court determined was retroactively applicable to Smith's case. As such, the Court found that Smith's second and third supplements were timely because they were premised on Taylor.

However, a review of the fourth and fifth supplements demonstrated that they were not premised on Taylor but rather challenged the jury instructions and verdict form from Smith's 2014 jury trial. To avoid being found time-barred, a new claim that is untimely

must relate back to a timely-filed claim by arising "out of the conduct . . . set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). When a proposed untimely amendment to a § 2255 raises a new claim that does not relate back to the original motion, it is time-barred. See United States v. Gonzalez, 592 F.3d 675, 680 (5th Cir. 2009).

For the reasons set forth in the Court's prior opinion, the Court held that Smith's fourth and fifth supplements failed to relate back to his timely-filed pleadings. Disagreeing with this conclusion, Smith's motion for reconsideration submits that the fourth and fifth supplements do, in fact, relate back to his initial filings, in that the Hobbs Act statute was at issue in all of his filings. However, that is insufficient to constitute relation back under the law. Smith's motion for reconsideration has presented no new law or arguments that would compel the Court to reassess its prior findings. Accordingly, the motion for reconsideration [Record Document 287] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** this 12th day of March, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE